IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CASE NUMBER 1:96-CR-00054-2-MJT |
| EDWIN T. LIMBRICK | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the undersigned is the *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. #759) filed by the Defendant, Edwin T. Limbrick.[1] The United States filed a response to the Defendant's motion. (Doc. #772.)

### DISCUSSION AND RECOMMENDATION

Limbrick is currently serving a sentence for multiple violations of 18 U.S.C. § 1951 (Interference with Commerce by Threat of Violence) and 18 U.S.C. § 924(c) (Possession of a Firearm During the Course of a Violent Crime). (Doc. #388.) His total term of imprisonment imposed was 1,020 months (85 years) due to consecutive sentences, with a release date of December 2, 2066. (*Id.*) The Defendant argues that he should receive compassionate release due to a change in the law now giving him an unusually long disparate sentence and his rehabilitation efforts. (Doc. #759.) The Government responds stating that the Defendant's arguments lack merit and the change in the law is not retroactive making it inapplicable. (Doc. #772.)

As noted by the Government, this is the Defendant's fourth motion for compassionate release. He previously filed three other motions on the same grounds plus COVID concerns.

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); (Doc. #769).

(Docs. #655, #659, #670.)  The court considered the merits of the Defendant's prior motions and ultimately denied the motions on March 25, 2024 (doc. #746).  The Defendant appealed the court's ruling (doc. #750), and the Fifth Circuit affirmed the court's denial (doc. #768).  Although the Defendant has exhausted his administrative remedies once again, he has not presented any additional facts that would change the court's prior ruling.

Further, since the court's prior ruling, the Fifth Circuit has explicitly ruled that section six of policy statement 1B1.13(b)(6) (for unusually long sentences), which he seeks to apply, is not applicable in the Fifth Circuit as its precedent precludes considering non-retroactive changes in any law as an extraordinary and compelling reason justifying a sentence reduction.  *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025).  The First Step Act of 2018 states that changes to section 924(c) are nonretroactive.  As such, this change in the law may not be considered as an extraordinary and compelling circumstance.

Moreover, his rehabilitation efforts cannot alone be considered an extraordinary and compelling reason for a reduction in sentence.  *See* 28 U.S.C. § 994(t).  Finally, the court's review of the nature of the Defendant's original offense, criminal history, and all other applicable 3553 factors fail to persuade the court that the Defendant should receive a sentence reduction.  *See* 18 U.S.C. § 3553.  Accordingly, the undersigned must recommend that the court **DENY** the Defendant's motion for compassionate release (doc. #759).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be

no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Local R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 14th day of May, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE